IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:22 CV 3978 |
| | ) | |
| vs. | ) | |
| | ) | Judge Jeremy C. Daniel |
| VLADIMIR OKHOTNIKOV, | ) | |
| JANE DOE a/k/a LOLA FERRARI, | ) | |
| MIKAIL SERGEEV, | ) | |
| SERGEY MASLAKOV, | ) | |
| SAMUEL D. ELLIS, | ) | |
| MARK F. HAMLIN, | ) | |
| SARAH L. THEISSEN, | ) | |
| CARLOS L. MARTINEZ, | ) | |
| RONALD R. DEERING, | ) | |
| CHERI BETH BOWEN, and | ) | |
| ALISHA R. SHEPPERD, | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT VLADIMIR OKHOTNIKOV'S MOTION FOR LIMITED LIFT OF STAY**

The UNITED STATES OF AMERICA, by LORINDA I. LARYEA, Acting Chief of the Fraud Section of the Criminal Division, U.S. Department of Justice, respectfully moves this Court for an order denying Defendant Vladimir Okhotnikov's motion for a limited lift of stay.

Okhotnikov's motion is essentially premised on his arguments that the civil case has been stayed for thirty months and that there have been no developments on the corresponding criminal docket. But Okhotnikov's complaint is one of his own making— while he has hired counsel for his civil case, he has failed to make even an initial appearance in his criminal proceedings. And as further shown below, courts throughout the country have stayed cases for far longer than thirty months in civil cases involving defendants that

remained at large in the parallel criminal proceedings. Further, while Okhotnikov's motion seeks to lift the stay to resolve his motion to dismiss, and not the entirety of this case, he does admit that the Court's resolution of his motion may require "limited factual inquiry." As such, the need for the stay remains largely the same today and the Court should deny Okhotnikov's motion.

### I. BACKGROUND

On August 1, 2022, the plaintiff in this case, the Securities and Exchange Commission ("SEC"), filed a complaint alleging that Defendants Vladimir Okhotnikov, Jane Doe a/k/a Lola Ferrari, Mikail "Mike" Sergeev, and Sergey Maslakov (collectively, the "Founders") and U.S.-based promoters Samuel D. Ellis, Mark F. Hamlin, Sarah L. Theissen, Carlos L. Martinez, Ronald R. Deering, Cheri Beth Bowen, and Alisha R. Sheppherd violated the antifraud provisions of the federal securities laws through their respective creation, operation, maintenance, and promotion of an online pyramid and Ponzi scheme through Forsage.io ("Forsage"), which led to more than $300 million of investor transactions. ECF No. 1. On February 22, 2023, a federal grand jury in the District of Oregon returned an indictment charging the four Founders with conspiracy to commit wire fraud in connection with the Forsage online pyramid and Ponzi scheme. The indictment alleges that the defendants raised about $340 million from victim-investors worldwide. *See United States v. Okhotnikov et al.*, 23 CR. 57 (D. Or.) (Immergut, J.).

In addition to the overlapping defendants in both the SEC's case and the criminal case, both the SEC's complaint and the criminal indictment involve overlapping facts and law. Specifically, according to both the SEC's complaint and the indictment, the Founders formed Forsage and, with their network of promoters, disseminated false and misleading

information regarding Forsage to prospective investors, including that "all" investor funds were "transferred between members, there [were] no hidden fees," and that "100% of the income goes directly and transparently to the members of the project with zero risk." *See United States v. Okhotnikov et al.*, 23 CR. 57, ECF No. 1 ¶ 18; ECF No. 1 ¶ 37. Both the civil complaint and indictment also allege that the Founders structured and used the Forsage investment platform to operate a Ponzi and pyramid scheme that benefited themselves.

On November 23, 2022, Okhotnikov moved to dismiss the complaint. ECF Nos. 72-73. The SEC opposed the motion on December 29, 2022, ECF No. 84, and Okhotnikov filed his reply on January 12, 2023, ECF No. 89. On March 24, 2023, the Government moved to intervene and stay proceedings, ECF No. 138, and on March 27, 2023, the Court granted the Government's motion and stayed the case, ECF No. 142. On September 10, 2025, Okhotnikov moved for a limited lift of stay. ECF No. 170.

## II. THIS CASE SHOULD CONTINUE TO BE TEMPORARILY STAYED PENDING RESOLUTION OF THE CRIMINAL CASE

### A. Applicable Law

Based on a district court's inherent power to control and manage its docket, this Court has authority to stay all or any portion of this case. *See Landis v. North American Co.*, 299 U.S. 248, 255 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Benevolence International Foundation, Inc. v. Ashcroft,* 200 F. Supp. 2d 935, 938 (N.D. Ill. 2002).

In determining whether to stay proceedings and the scope of any stay order, courts examine "a variety of factors." *Benevolence International Foundation, Inc.*, 200 F. Supp. 2d at 938; *United States v. Downe*, No. 92 Civ. 4092 (PKL), 1993 WL 22126, at *12 (S.D.N.Y. Jan.

26, 1993). One factor courts often examine is whether the criminal matter has ripened into an indictment or remains an investigation. *See, e.g.*, *Trustees of Plumbers and Outfitters National Fund v. Transworld Mechanics. Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct."); *Mutuals.com*, 2004 WL 1629929 at *3.

Another factor that courts evaluate is whether the criminal prosecution will be compromised by allowing the civil case to continue. *Benevolence International Foundation, Inc.*, 200 F. Supp. 2d at 939-940; *Mersky*, 1994 WL 22305 at *4; *Downe*, 1993 WL 22126 at *12-13. Courts have acknowledged "the great weight" that should be accorded to protecting the government's interest in preserving its ability to prosecute the criminal case without interference from the civil case. *Mersky*, 1994 WL 22305 at *4 (citing *United States v. Stewart*, 872 R2d 957, 962-63 (10th Cir. 1989)); *Chestman,* 861 F.2d at 50). As these courts have noted, the focus is not on a civil party's intent in seeking discovery under the liberal civil discovery rules, but the effect that such discovery could have on the criminal prosecution. *E.g.*, *Mersky*, 1994 WL 22305 at *5 (citing *Integrated Generics v. Bowen,* 678 F. Supp. 1004, 1009 (E.D.N.Y. 1988)); *see also Benevolence International Foundation, Inc.,* 200 F. Supp. 2d at 939 ("[A] trial court should not permit a defendant in a criminal case to use liberal civil discovery procedures to gather evidence to which he might not be entitled under the more restrictive criminal rules.").

Finally, in determining whether to stay a civil proceeding, courts often examine whether a stay may result in saving judicial resources because "any successful criminal prosecutions may streamline discovery and trial of the civil case once the stay is lifted.

*Mersky,* 1994 WL 22305 at *4; *Benevolence International Foundation, Inc.,* 200 F. Supp. 2d at 940-41.

After examining these factors, courts have routinely issued stays of SEC civil enforcement actions pending the resolution of related criminal cases, as the Court did in this case. *See, e.g., Chestman,* 861 F.2d 49; *SEC v. Doody,* 186 F. Supp. 2d 379 (S.D.N.Y. 2002); *Mutuals.com,* 2004 WL 1629929; *SEC v. Beacon Hill Asset Management,* 2003 WL 554618 (S.D.N.Y., Feb. 27, 2003); *SEC v. Tandem Management,* 2001 WL 14488218 (S.D.N.Y. Nov. 21, 2001); *SEC v. HGI Inc.,* 1999 U.S. Dist. LEXIS 17377 (S.D.N.Y., Nov. 9, 1999); *Mersky* 1994 WL 22305; *Downe,* 1993 WL 22126. Further, several courts in this district have stayed non-SEC civil cases pending the resolution of related criminal cases. *See, e.g., United States v. All Meat And Poultry Products,* 2003 WL 22284318 (N.D. Ill., Oct. 3, 2003); *Benevolence International Foundation, Inc.,* 200 F. Supp. 2d 935; *Cruz v. County of DuPage,* 1997 WL 370194 (N.D. Ill., June 27, 1997); *United States v. Michelle's Lounge,* 1992 WL 194652 (N.D. Ill., Aug. 6, 1992); *Marino v. Hegarty,* 1987 WL 9582 (N.D. Ill., April 10, 1987).

    **B.**     **Discussion**

The Government incorporates by reference its relevant arguments from its original motion to intervene and stay, ECF No. 138. These factors here continue to weighs in favor of maintaining the stay in this case.

Okhotnikov's arguments essentially fall into two categories: (1) he claims that the lift of stay he seeks is limited and won't affect the criminal case, and (2) he complains that the criminal case has not progressed, and as a result that the stay is prejudicing him. Neither of these arguments are sufficient for the Court to lift the stay.

5

First, as Okhotnikov himself admits, the Court's decision on his motion to dismiss would be "subject exclusively to pleadings or limited factual inquiry related to jurisdiction." *Id.* at 8. On simply the pleadings alone, Okhotnikov and the SEC's briefing for the motion to dismiss are not simply legal argument; both sides included declarations and factual assertions that the Court would be reviewing and using to resolve the motion to dismiss. *See* ECF Nos. 73, 73-1, 84, 84-1, 89. Furthermore, as Okhotnikov notes, the Court can open further factual inquiry to resolve the motion to dismiss. Thus, the Court's decision on Okhotnikov's motion to dismiss is not simply a legal finding, but would require the Court to make some factual determinations that could, in turn, impact the criminal proceedings. *See Mersky*, 1994 WL 22305 at *4.

Second, as Okhotnikov admits, the criminal case has not proceeded in large part because he has declined to self-surrender; and the fact that he has yet to be extradited does not undermine the intensity or immediacy of the Government's interest given the pending criminal case. *See, e.g.*, *SEC v. Abraaj Inv. Mgmt. Ltd.*, 2019 WL 6498282, at *2 ("[B]ecause [the defendant] opposed extradition, he will only have himself to blame if resolution of his criminal case is deferred."). Okhotnikov's citation of *In re Hijazi* is entirely distinguishable. In that case, the Kuwaiti government informed the Seventh Circuit that it did not intend to turn over the defendant over voluntarily—with the Kuwaiti ambassador to the United States even providing a letter stating that the Kuwaiti government "strongly believe[d] that the underlying facts do not support the indictment" and that they "do not believe the United States has any basis for asserting legal jurisdiction over Mr. Hijazi for acts alleged to have taken place in Kuwait." 589 F.3d 401 (7th Cir. 2009). That is far from the case here.

Furthermore, a stay of thirty months is not an aberration. Courts around the country often stay civil lawsuits in light of parallel criminal proceedings, and in some cases have maintained the stay for far longer than thirty months. *See, e.g.*, *Securities and Exchange Commission v. BitConnect*, 1:21-cv-07349-JGK, ECF No. 27 (S.D.N.Y. December 15, 2021) (granting Government's motion to stay since December 2021); *U.S. Securities & Exchange Comm'n v. Scworx Corp.*, 2:22-cv-03287-ES-JSA, ECF No. 20 (D.N.J. Aug. 17, 2022) (granting Government's motion to stay since August 2022); *U.S. Securities and Exchange Commission v. Offill, Jr.*, 3:22-cv-00121-N-BK, ECF Nos., 38, 43 (N.D. Tex. Dec. 16, 2022) (granting Government's motion to stay from December 2022 to June 2024). Okhotnikov claims that he has been prejudiced by the length of the stay, but he fails to show how he has been prejudiced, and his conclusory assertions are insufficient to support his motion. Moreover, this length of time could be easily remedied if Okhotnikov self-surrendered to the Government and faced the charges against him.

Accordingly, the government requests that the Court continue to stay this civil case until the resolution of the criminal case.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

### III. CONCLUSION

For the foregoing reasons, the government requests that the Court continue to stay this case pending further order of the Court and pending the resolution of the related criminal matter captioned *United States v. Okhotnikov et al.*, 23 CR. 57 (D. Or.) (Feb. 22, 2023).

RESPECTFULLY SUBMITTED,

LORINDA I. LARYEA
ACTING CHIEF, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION

By: /s/ Tian Huang
TIAN HUANG
TRIAL ATTORNEY
SARA HALLMARK
TRIAL ATTORNEY
1400 New York Ave. NW
Washington, DC 20005
Tel: (202) 598-2523